**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2540
_____

UNITED STATES OF AMERICA

v.

DEAMONTE LAW,
Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2:20-cr-00341-001)
District Judge:  Honorable Cathy Bissoon
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 27, 2025
_____

Before:  BIBAS, PHIPPS, and AMBRO, *Circuit Judges*

(Filed: April 2, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PHIPPS, *Circuit Judge*.

Section 922(g)(1) of Title 18 of the United States Code prohibits felons from possessing firearms or ammunition that have passed through interstate commerce:

> It shall be unlawful for any person . . . who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

In August 2013, Deamonte Law was arrested and temporarily detained on three counts for violating federal drug and gun laws. And as part of a plea agreement, Law pleaded guilty in February 2015 to charges of conspiracy to possess with the intent to distribute a quantity of cocaine base, *see* 21 U.S.C. § 846, and possession of a firearm in furtherance of a drug trafficking crime, *see* 18 U.S.C. § 924(c)(1)(A)(i). Because both offenses were punishable by over a year's imprisonment, he was thereafter subject to the prohibitions of § 922(g)(1).

In September 2020, Law lived at a halfway house in Pittsburgh as he was completing the sentence he received for those crimes – 90 months in prison (inclusive of time served) followed by a three-year term of supervised release. The Friday before Labor Day, he went to the Crawford Village public housing project in nearby McKeesport to attend a video shoot for an amateur rapper. Police were surveilling that event through the complex's security cameras in search of another man, who was wanted on an arrest warrant and who announced on social media that he would be in attendance as the organizer of the video shoot. In the process of locating and arresting that other man, the officers noticed that Law ran off with his hand on his right hip, suggesting that he was holding something. The surveillance videos showed Law duck beneath an SUV and discard an item in the same

2

parking spot from which officers later recovered a Smith and Wesson M&P Shield .40 caliber pistol in the aftermath of the other man's arrest. A federal grand jury later indicted Law on one count of being a felon in possession of a firearm in violation of § 922(g)(1).

Law disputed that charge both legally and factually. Before trial, citing *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022), he moved to dismiss the indictment on the ground that § 922(g)(1) was unconstitutional, facially and as applied to him. *See* Fed. R. Crim. P. 12(b)(3)(B). The District Court denied that motion. Although Law did not testify at trial, his possession of the handgun was the only issue before the jury, and he disputed that fact. The jury, however, returned a guilty verdict. After the trial, Law sought reconsideration of his motion, in particular to revisit his as-applied challenge in light of this Court's intervening decision in *Range v. Att'y Gen.*, 69 F.4th 96 (3d Cir. 2023) (en banc), *vacated sub nom. Garland v. Range*, 144 S. Ct. 2706 (2024). The District Court denied that motion.

Through a timely notice of appeal, Law invoked the appellate jurisdiction of this Court, and he now argues that applying § 922(g)(1) to him under these circumstances violates the Second Amendment. *See* 28 U.S.C. § 1291.[1]

The problem for Law is that he was still under a criminal sentence when he possessed the firearm. And this Court has recognized that the Second Amendment permits the disarming of convicts in that circumstance. *See United States v. Moore*, 111 F.4th 266,

---

[1] The parties disagree whether Law preserved his as-applied challenge. If Law did preserve it, the District Court's legal conclusions would be reviewed *de novo*, and its factual determinations for clear error. *See United States v. Stock*, 728 F.3d 287, 291 (3d Cir. 2013). If Law did not preserve his challenge, but instead forfeited it, it would be reviewed for plain error. *See* Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732 (1993); *United States v. Williams*, 974 F.3d 320, 340–41 (3d Cir. 2020). Either way, because plain error's first step, evaluating whether an error occurred, "uses the standard of review that would have applied had the argument been preserved," Law must demonstrate that the District Court made an error of law in concluding that § 922(g)(1) is constitutional as applied to him. *United States v. Adair*, 38 F.4th 341, 356 (3d Cir. 2022).

271–72 (3d Cir. 2024) (explaining that at the Founding, "[c]onvicts could be required to forfeit their weapons and were prevented from reacquiring arms until they had finished serving their sentences" and "hold[ing] that convicts may be disarmed while serving their sentences on supervised release"); *see also United States v. Quailes*, 126 F.4th 215, 223 (3d Cir. 2025) (holding that felons on probation may be disarmed during their terms). Thus, the application of § 922(g)(1) to Law's possession of a firearm in September 2020 does not offend the Second Amendment. Accordingly, we will affirm the judgment of the District Court.